29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TRW, INC., Plaintiff-Appellant,
v.
TWI INTERNATIONAL EXHIBITION LOGISTICS; Logistics
Management, Defendants-Appellees.
 No. 93-55278.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1994.
Decided June 28, 1994.
 
 Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 TRW, Inc. ("TRW") appeals the district court's order granting summary judgment in favor of TWI International Exhibition Logistics ("TWI"). TRW brought suit against TWI seeking damages for loss of cargo that TRW shipped through TWI, a freight forwarder or indirect cargo air carrier. The district court held that TWI's liability was limited under the Warsaw Convention ("Convention") even though TWI did not provide TRW with an air waybill as required by the Convention. TRW appeals the district court's ruling that the air waybill issued by Ziegler Zaventun ("Ziegler"), the foreign indirect air carrier that TWI hired, was sufficient to entitle TWI to the Convention's liability limitations. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we reverse.
 
 
 3
 * We review de novo the district court's order granting summary judgment. Maffei v. Northern Ins. Co. of New York, 12 F.3d 892, 895-96 (9th Cir.1993). Viewing the evidence in the light most favorable to the nonmoving party, we determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Id.
 
 II
 
 4
 * TRW argues that the district court misinterpreted the plain language of the Warsaw Convention in concluding that TWI was entitled to limit its liability under the Convention even though it did not provide TRW with an air waybill.
 
 
 5
 The Convention applies "to all international transportation of persons, baggage, or goods performed by aircraft for hire." Convention for the Unification of Certain Rules Relating to International Travel by Air, Oct. 12, 1929, art. 1, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in 49 U.S.C. Sec. 1502 (hereinafter "Warsaw Convention"). It is designed to limit international air carriers' potential liability for accidents that cause the loss, damage, or delay of delivery of baggage or goods. Article 22 of the Convention sets a $9.07 per pound limit on the liability a carrier can suffer for such losses, damage or delay. Id. art. 22(2).
 
 
 6
 Not all carriers may take advantage of the liability limits, however. The Convention provides that a carrier of goods has the right to require the consignor or shipper to deliver a completed air waybill, and that the consignor has the right to require the carrier to accept the air waybill. Id. art. 5(1). Article 9 provides that if an air carrier "accepts goods without an air waybill having been made out," or if the air waybill does not comply with certain provisions of Article 8, the carrier is not entitled to avail itself of the Convention's liability limitation provisions. Id. art. 9.
 
 
 7
 TRW did not make out and deliver an air waybill to TWI, and TWI, in turn, failed to deliver an air waybill to TRW. Assuming, as TWI contends, that it is an "air carrier" under the Convention, the plain language of the Convention precludes TWI from availing itself of the liability limitations. TWI argues, however, that its failure to deliver an air waybill to TRW does not preclude it from limiting its liability under the Convention because its agent, Ziegler, a foreign indirect air carrier, prepared a House Air Waybill and delivered it to TWI.
 
 
 8
 TRW contends that even if Ziegler acted as TWI's agent and issued the air waybill on TWI's behalf, the bill was never delivered to nor accepted by TRW. TWI counters that it was acting as TRW's agent when it accepted the air waybill from Ziegler, so that Ziegler issued the air waybill on TWI's behalf and TWI accepted it on TRW's behalf. The district court agreed.
 
 
 9
 The district court's conclusion appears to conflict with the parties' stipulation and the relevant substantive law. The parties stipulated that TWI is an indirect air carrier. Under federal regulations, an indirect cargo air carrier "may act as agent of a shipper, or of a direct air carrier that has authorized such agency, rather than as an air carrier, if it expressly reserves the option to do so when the shipment is accepted." 14 C.F.R. Sec. 296.5. TRW argues that TWI can be either an indirect air carrier, and thus entitled to the protections of the Convention, or an agent of a shipper, but not both.
 
 
 10
 TRW further contends that the shipping contract between TRW and TWI contained no express provision that TWI would be acting as TRW's agent. The only evidence of an agency agreement to which TWI can point is the deposition testimony of a TRW employee, whose affirmative response to a question regarding agency does not necessarily constitute an admission of the legal relationship of agency. The evidence upon which the district court relied in issuing the summary judgment order was therefore insufficient to support the court's finding of an agency relationship as a matter of law. A genuine issue of material fact exists regarding the agency issue.
 
 B
 
 11
 TRW also argues that even if TWI is entitled to the rights that its agent, Ziegler, would enjoy, TWI still cannot limit its liability under the Convention. TRW contends that Ziegler's air waybill omitted two essential items that Article 8 requires be contained in all air waybills: the name of the consignor and the name and address of the first shipper. See Warsaw Convention art. 8(d), (e); see also Maritime Ins. Co. v. Emery Air Freight Corp., 983 F.2d 437 (2d Cir.1993). Because Ziegler would not be able to avail itself of the liability limitations were it the defending party, TRW argues, TWI is not entitled to the liability limitations either. The district court did not address this issue in the summary judgment order.
 
 C
 
 12
 Finally, the parties dispute whether TRW effectively declared the value of its cargo as required by the Convention. They also dispute the extent to which TRW may claim damages for the loss of one of eight boxes of cargo. The district court did not reach the damages issue because it entered summary judgment in TWI's favor.
 
 III
 
 13
 We reverse the summary judgment order and remand.
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3